No. 748
### SUPERIOR HOLDING CO. v. KANE, Trustee

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6094. Decided March 30, 1925

941. PRACTICE AND PROCEDURE — When party claims inadequacy of time for preparation of case and it develops that the trial proceeded and evidence was presented, there can be no basis for complaint.

539. FIXTURES—Where intention of the party making the annexation to realty is not to make article a permanent accession to freehold, it should still be considered personal property.

LEVINE, P. J.

The original action was commenced in Cuyahoga Common Pleas by L. G. Kane, and was a foreclosure of a chattel mortgage against the Superior Holding Co. The chattels were storeroom fixtures, particularly certain wall cases installed in connection with business of a drug store.

The Holding Co. was the owner of the premises wherein said store was located. The premises were leased to the Rigelhaupt Drug Co. who assigned the lease to the Rubinstein Drug Co. This company mortgaged certain fixtures including said wall cases. Kane was the trus-

tee who held said mortgage for benefit of certain individuals.

The Holding Co. claimed that the cases were attached to realty and should be considered so, while Kane maintained that they were to be treated as chattels. The trial court ruled in favor of Kane.

Error was prosecuted and it was contended by the Company that it was not given a reasonable opportunity to prepare its case, the time given was inadequate and that the court erred in refusing to admit testimony offered it, material to the issues. It was claimed that the testimony offered showed that the cases, phone booths and window floors were all built together, and that if the wall cases were removed the door cases and window enclosures would necessarily have to be torn out at the same time. The Court of Appeals held:

1. The company saw fit to proceed with the trial and present its evidence. Had it refused to do so on its cross-petition, on ground of inadequacy of time for preparations, and had the court dismissed the cross petition, it would then have been a matter of inquiry, as to whether under the circumstances, the trial court had abused its discretion.

2. Having chosen to proceed with the trial, the company is in no position to complain.

3. The record discloses that the fixtures in question were not a part of the plan under which the building was originally constructed; that instead they were installed by the lessee, predecessor of the Rubenstein Drug Co., in connection with the business of operating a drug store.

4. It is clear that the lessees have at all times regarded it as fixtures and their own personal property. The additional evidence the company sought to introduce could not have changed the result.

Judgment affirmed.

Attorneys—Krueger & Pelton for Company; L. J. Kane, for Kane, Trustee; all of Cleveland.